Elizabeth D. Tate, SBA # 32659
2953 North 48th Street
Phoenix, AZ 85018-7749
Phone: (602) 670-4653
Fax: (602) 595-5959
E-mail: attorneyelizabethtate@yahoo.com
Attorney for Plaintiff, William Kopta

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **William Kopta**<br><br>Plaintiff,<br><br>V<br><br>**Ken Ellegard – Peoria, Inc.,**<br><br>Defendant. | **Case #**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff William Kopta by and through Elizabeth D. Tate, his undersigned counsel of record, and submits this Complaint for relief and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a, b).

## 1. Plaintiff's Three Claims

**1. Disability Discrimination in violation of the ADA, 42 U.S.C. 12112**

1

2. **Failure to Accommodate in violation of the ADA, 42 U.S.C. 12112 (5)(A)**

3. **Retaliation in violation of ADA, 42 U.S.C. 12203**

## 2. The Parties Jurisdiction and Venue

4. The Plaintiff, William Kopta "Kopta" and has been always material to this Complaint, an adult resident of Maricopa County, Arizona.

5. Always material to this Complaint Kopta has suffered from the disabilities of bone spurs, sciatica and joint disorders.

6. Always material to this Complaint, Kopta has been:

   (A) An employee of Ken Ellegard – Peoria, Inc. d/b/a Arrowhead Honda. "Ken Ellegard – Peoria, Inc." as that term is used in 42 U.S.C. 12111(8) and 42 U.S.C. 12112 (a).

   (B) A qualified individual under the ADA substantially limited in one or more of his major life activities of walking and moving. Kopta has a record of such impairments and is regarded as having such impairments.

   (D) Able to perform his job with or without an accommodation.

7. Defendant Ken Ellegard – Peoria, Inc. has been always material to this Complaint:

   (A) a for-profit corporation

2

(B) a car dealership selling Honda vehicles in Peoria, AZ

(C) doing business as Arrowhead Honda

(C) the "employer" of Kopta as defined by 42 U.S.C. §2000e (b) and 42 U.S.C. 12111(5) (A).

8. All events alleged herein occurred within the State of Arizona.

9. This Court has personal jurisdiction over the parties based upon the foregoing facts.

10. This Court has subject matter jurisdiction for Plaintiff's claim herein because it arises from federal statutes, 28 U.S.C. 1331, and as provided by 28 U.S.C. 1343(a) (3,4).

11. This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1, 2).

### 3. General Fact Allegations

12. Defendant Ken Ellegard – Peoria Inc. d/b/a Arrowhead Honda ("Arrowhead Honda") employed Kopta as a car salesman first employing Kopta from 2006 to 2007 and then hiring Kopta again in April of 2015, to sell Honda vehicles for its car dealership at 8380 W. Bell Road in Peoria, AZ.

13. Kopta suffers from the diagnosed disabilities of arthritis, sciatica and bone spurs that limit Kopta's ability to move freely and walk without pain. Kopta underwent multiple surgeries to cut his Achilles Tendon, remove joints and fuse his toes together on his right foot.

14. Kopta applied for and received a handicapped plate from the Department of Motor Vehicles to permit him to utilize closer parking to establishments that he enters because of his disabilities that limit his movement and ability to walk.

15. When Kopta arrived for work, Kopta utilized Arrowhead's designated handicapped parking space to accommodate his disabilities. No one at Arrowhead questioned Kopta about his utilizing the handicapped parking space until about one year ago in 2017, Anthony Rojas, Sales Manager, began harassing Kopta about parking in the handicapped parking space.

16. Rojas told Kopta not to park in the handicapped parking space. Kopta reminded Rojas that his handicapped plated entitled him, Kopta, to park in the handicapped parking space. Rojas informed Kopta that is did not matter that Kopta qualified to use the parking space because Arrowhead's customers needed to park in the

4

handicapped space. It was not true that Arrowhead's customers needed the space because Arrowhead utilized the handicapped parking space as a place to park dealership cars. Arrowhead failed to reasonably accommodate Kopta's disability by permitted sales managers to park dealership cars in Kopta's requested handicapped parking space.

17. Sometimes, Kopta parked his car in the handicapped parking space anyway. Arrowhead's managers, Dave Warren, former manager, Rich Bethers, and Anthony Rojas would yell at Kopta and make Kopta move his car.

18. Knowing that the law entitled him to park in the handicapped space, Kopta reported the sales managers to HR Representative, Patty Green, who instructed the sales managers not to harass Kopta about parking his car in the handicapped space.

19. The sales managers did not make Kopta move his car for about six months, but then started harassing Kopta about his lawful use of the handicapped parking space again. All sales managers told Kopta that Kopta could not park in the handicapped parking space so Kopta reported the sales managers to Kopta's, General Sales Manager, Walter Muntz.

20. Muntz told Kopta that Kopta could not park in the handicapped parking space and asked Kopta about his disabilities. Kopta declined to reveal his disability to Muntz but remined Muntz that Kopta possessed a handicapped plate on his vehicle.

21. Kopta would utilize the handicapped space anyway. When he did so, he would move his car to the back parking spaces when requested to do by a manager.

22. On June 16th, 2018, Muntz fired Kopta without good cause after Kopta had utilized the handicapped parking space and had been asked to move his car to a back parking lot space. The reason Muntz fired Kopta was because Kopta protested disability discrimination.

23. Kopta, a good employee, capably performed his job throughout his tenure at Arrowhead Honda, performed capably at the time Muntz fired Kopta and could perform the essential functions of his job.

24. Arrowhead Honda has other employees with handicapped plates, but Arrowhead refused to honor the law and will not permit those employees to park their vehicles in its designated handicapped parking spaces. Arrowhead Honda permits its non-disabled managers who do not have handicapped designations on

their car license plates to park their vehicles in the handicapped parking spaces.

25. Because of Ken Ellegard – Peoria. Inc.  d/b/a Arrowhead Honda's  actions, through Muntz ,  as described above Kopta was fired because of his disability and was fired in retaliation for reporting disability discrimination.  Kopta  suffered severe mental anguish and emotional distress because of Ken Ellegard – Peoria, Inc.'s discrimination against him.  Kopta  seeks declaratory relief that Ken Ellegard – Peoria, Inc.  d/b/a  Arrowhead Honda  has violated the ADA that prohibits disability discrimination and Title VII that prohibits retaliation for having reported disability discrimination. Without equitable intervention by the Court, Kopta  will suffer irreparable harm.

26. Kopta  timely filed a charge of discrimination with the EEOC under charge number 540-2018-03786  concerning discrimination under then ADA and retaliation  as described above. Kopta  received his  right to sue on July 12, 2018. See Exhibit 1.

### 4. Demand for Jury Trial

Plaintiff demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a, b).

## **5. Requested Relief**

Count 1 - Disability Discrimination in violation of 42 U.S.C. 12112

    1. Compensatory and general damages

    2. Punitive damages

    3. Injunctive relief including front pay and back pay

    4. Reasonable attorney's fees

    5. Taxable costs

Count 2 - Failure to Accommodate in violation of the ADA, 42 U.S.C. 12112(5)(A)

    1. Compensatory and general damages

    2. Punitive damages

    3. Injunctive relief including front pay and back pay

    4. Reasonable attorney's fees

    5. Taxable costs

Count 3 - Retaliation in violation of ADA, 42 U.S.C. 12203

    1. Compensatory and general damages

    2. Punitive damages

    3. Injunctive relief including front pay and back pay

    4. Reasonable attorney's fees

    5. Taxable costs

Respectfully submitted this 8th day   of October   2018.

/s/ Elizabeth D. Tate
_____
Elizabeth D. Tate

9